# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:15-cr-349-SI-05 |
| v. | **OPINION AND ORDER** |
| **HECTOR MORENO-PEDRIZCO**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Defendant Hector Moreno-Pedrizco, age 30, pleaded guilty to conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine, using communication facilities in furtherance of the conspiracy, and maintaining a place to manufacture and distribute controlled substances, in violation of federal law. On December 13, 2018, the Court sentenced Mr. Mereno-Pedrizco to a term of imprisonment of 132 months, followed by five years of supervised release. Mr. Mereno-Pedrizco is serving his sentence at the privately-run North Lake Correctional Institution in Baldwin, Michigan (CI North Lake). To date, he has served about 55 percent of his sentence, and the Bureau of Prisons (BOP) has scheduled Mr. Mereno-Pedrizco for release on February 25, 2025. Mr. Mereno-Pedrizco is not in the United States legally, is subject

to an ICE detainer, and will almost certainly be deported to Mexico upon the completion of his sentence.

On September 29, 2020, Mr. Mereno-Pedrizco, representing himself, filed a motion for compassionate release under 18 U.S.C. § 3582(c). ECF 1134. The following day, the Court appointed the Federal Public Defender to assist Mr. Mereno-Pedrizco with his motion. On November 12, 2020, Mr. Mereno-Pedrizco, through his court-appointed counsel, filed a supplemental motion to reduce sentence. ECF 1163. The Government agrees that Mr. Mereno-Pedrizco has exhausted his administrative remedies but opposes Mr. Mereno-Pedrizco's motion on the merits. As explained below, the Court denies Mr. Mereno-Pedrizco's motion to reduce sentence.

## LEGAL FRAMEWORK FOR COMPASSIONATE RELEASE

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Congress, however, has authorized a district court to modify a defendant's sentence in three limited circumstances: (1) when granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A); (2) when expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) when a defendant has been sentenced based on a sentencing range that later has been lowered by the United States Sentencing Commission (USSC). 18 U.S.C. § 3582(c)(1). The motion before the Court seeks compassionate release.

Before 2018, § 3582(c)(1)(A) required that a motion for compassionate release be brought only by the BOP. The First Step Act (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), amended § 3582 to authorize courts to grant a motion for compassionate release filed by a defendant. A defendant, however, may only bring a motion for compassionate release after: (1) petitioning the BOP to make such a motion on the defendant's behalf; and (2) either

(a) the defendant has exhausted all administrative appeals after the BOP denied the defendant's petition or (b) thirty days has elapsed after the warden of the defendant's facility received the defendant's petition, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).[1]

Compassionate release under § 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds that two conditions have been satisfied. The first is that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The second is that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The USSC policy statement for reducing a term of imprisonment under § 3582(c)(1)(A) is found in the United States Sentencing Guidelines Manual (USSG) at § 1B1.13. That policy statement explains the phrase "extraordinary and compelling reasons." USSG § 1B1.13(1)(A) and cmt. 1. Four out-of-circuit federal appellate courts, however, have held that § 1B1.13 does not apply to a motion filed by a defendant.[2]

Section 3582(c)(1)(A) also directs a district court to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The factors under § 3553(a) include: the

---

[1] The United States Courts of Appeal for the Fifth and Sixth Circuits have held that a defendant's failure to satisfy this administrative exhaustion requirement does not deprive a court of subject-matter jurisdiction; instead, this is a mandatory claim-processing rule that binds a court when properly asserted by the Government and not forfeited. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020); *United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020) (agreeing with *Alam*). The Ninth Circuit has not yet addressed this issue.

[2] In *United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020), the Second Circuit held that USSG § 1B1.13 is not applicable, and therefore not binding, as to defense-filed motions because that section has not been updated since the First Step Act expanded the compassionate release statute to permit defense-filed motions. The Second Circuit explained that the policy statement "is clearly outdated" because it still requires a "motion of the Director of the Bureau of Prisons." *Brooker*, 976 F.3d at 235. The Fourth, Sixth, and the Seventh Circuits agree with the Second Circuit on this point. *See United States v. McCoy*, No. 20-6821, 2020 WL 7050097, at *7 (4th Cir. Dec. 2, 2020); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. Nov. 20, 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. Nov. 20, 2020). The Ninth Circuit has not yet addressed this issue.

nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, *protect the public*, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). Thus, in resolving a motion for early release from incarceration brought under § 3582(c)(1)(A)(i), a district court must be sensitive to the factors in § 3553(a), including consideration of the protection of the public.

Compassionate release is "rare" and "extraordinary," and courts routinely deny such claims. *United States v. Mangarella*, 2020 WL 1291835, at *2–3 (W.D.N.C. Mar. 16, 2020) ("[A] compassionate release . . . is an extraordinary and rare event.") (citation omitted). A defendant bears the burden to show special circumstances meeting the high bar set by Congress for compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)). As other district courts have noted: "To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from . . . chronic conditions that [he] is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020) (rejecting a claim for compassionate release from a defendant suffering from severe back injuries and epilepsy) (brackets in original) (quoting *United States v. Weidenhamer*, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019)). A court also must consider the sentencing factors under § 3553(a), to the extent they are applicable. *See* § 3582(c)(1)(A).

## DISCUSSION

In 2014 and 2015, law enforcement investigated a vast methamphetamine trafficking conspiracy operating within Oregon that was being run by Daniel Ramirez. The drug trafficking organization had direct ties to several Mexican drug cartels and was responsible for smuggling large quantities of methamphetamine from Mexico into Oregon, Washington, and elsewhere. Through wiretaps and other means, law enforcement identified more than 50 known members of this conspiracy, including defendant.

Mr. Mereno-Pedrizco was a source of supply for Mr. Ramirez. Mr. Mereno-Pedrizco also sold more than two kilograms of actual meth to an informant. After Mr. Mereno-Pedrizco's arrest, a codefendant removed a gun and several kilograms of meth from Mr. Mereno-Pedrizco's residence. Based on the quantity of methamphetamine involved, Mr. Mereno-Pedrizco faced a potential guideline sentence of more than twenty years. The Government and Mr. Mereno-Pedrizco jointly recommended 132 months' imprisonment, which the Court imposed.

Mr. Mereno-Pedrizco has not shown extraordinary and compelling reasons that warrant a reduction in sentence. Mr. Mereno-Pedrizco's motion is based on the general risk of COVID-19; a risk that he claims is increased because he is currently housed at a private prison that has reported cases of COVID-19. The mere existence of COVID-19, however, is insufficient to justify compassionate release. *See United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) (holding that "a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)").[3] Nor is the placement at a private prison determinative.

---

[3] Even if the policy statement is not binding, *see* n.2, *supra*, it does have persuasive value and may be considered for that purpose.

Mr. Mereno-Pedrizco fails to cite any specific health condition that has been identified by the CDC as increasing his risk from COVID-19. He may be a recovering drug addict, but that is insufficient to warrant early release. *See United States v. Coria*, 2020 WL 4441135, at *3 (N.D. Cal. Aug. 3, 2020) (noting that longtime drug addiction is not a risk factor). Without evidence of a CDC-recognized condition that increases his risk from COVID-19, or some other compelling health issue, Mr. Mereno-Pedrizco cannot meet his burden of establishing an extraordinary and compelling reason for release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that the defendant bears the burden of establishing entitlement to a sentencing reduction and citing *Sprague*, 135 F.3d at 1306-07).

In addition, to warrant compassionate release, a defendant must show that he is not a danger and that the § 3553(a) factors support early release. *See United States v. Gotti*, 433 F. Supp. 3d 613 (S.D.N.Y. 2020) (finding that even if medically eligible, release was inappropriate because the defendant poses a continuing danger to the public). Here, Mr. Mereno-Pedrizco supplied multiple pounds of methamphetamine to a major drug trafficking ring and was not a minor player; indeed, he was a multi-pound supplier. As noted, compassionate release is an extraordinary and rare event, and Mr. Mereno-Pedrizco has not shown that it is warranted here.

## CONCLUSION

The Court has considered all relevant factors for compassionate release and denies Mr. Mereno-Pedrizco's Motion to Reduce Sentence (ECF 1134) and Supplemental Motion to Reduce Sentence (ECF 1163).

**IT IS SO ORDERED.**

DATED this 22nd day of December, 2020.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 6 – OPINION AND ORDER